THE STATE OF TEXAS V. GABRIEL SARNES ET AL.

1. INCHOATE RIGHT—SURVEY.—The act of August 15, 1870, contemplated that the right sought to be confirmed should be a right to land whose "situation, boundaries and extent" could be described in the petition; and a survey, as part of the proceedings towards acquiring the land, was necessary.
2. AYUNTAMIENTO means town council.
3. SURVEY NECESSARY.—Unless the proceedings had advanced far enough to establish the right of the party to land, and a survey fixing its situation, &c., previous to December 19, 1836, it was not such a right as was permitted to be confirmed by a suit under this act of 1870.
4. SAME—The 8th section of the act of 1870, requiring another survey, is to identify the land previously surveyed, so as to identify them by appropriate calls in connection with other surveys, so that they can be platted on the county maps in the land office.
5. MEXICAN SURVEYS.—This could not be done from the Mexican surveys, each of which was identified by calling for a place, and sometimes by calling for an adjoining tract by its name.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

*George Clark, Attorney General,* and *Peeler & Fisher,* for the State.

*James H. Bell,* and *Chandler, Carleton & Robertson,* for appellees.

ROBERTS, CHIEF JUSTICE.—The evidences of right, filed with the petition in this case, are, the application for a grant of land under the decree No. 24 of 1833; an adjudication of her having the qualifications, according to the terms of said decree, necessary to entitle her to obtain said grant, by the ayuntamiento (town council) of Guerrero, together with an order for an inspection, valuation, and survey of the land by the alcalde.

These proceedings amount to the establishment of a right to land, about the same as a head-right certificate granted to a

person by a board of land commissioners of a county in Texas, under the laws of the Republic of Texas.

There was no survey, so as to attach the right to the particular tract of land pointed out in the application, and so as to separate it, or any part of it, from the public domain. This is all that was done previous to the 19th of December, 1833, or subsequently, so far as is shown by the evidences of right filed with the petition.

The act of 1870, under which this suit was brought, contemplated that the right sought to be confirmed, should be a right to land, whose "situation, boundaries and extent" could be described in the petition particularly. (Paschal's Dig., art. 7068.) It could not have been such a right without a survey having been made, with the proceedings which were required to attend and be preliminary to a survey of the land.

Unless the proceedings had advanced far enough to establish the right of the party to land, and a survey fixing its "situation, boundaries and extent," previous to the 19th of December, 1833, it was not such a right as was permitted to be confirmed by a suit under this act of 1870.

The object of the survey required by the 8th section of the act, is to identify the boundaries of the tract of land previously surveyed, so that the surveys may be identified by appropriate calls, in connection, with or in reference to other surveys, or fixed and known objects, and be placed on the county map in the General Land Office. This could not be done without another survey, as there was no necessary connection kept up, in the Mexican plan of making surveys, but each tract was identified by calling for the name of a place informally, and sometimes by calling for an adjoining tract by its name.

If the claim here presented is such a right as the State should recognize and provide for, it must be by another and different act of the Legislature.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.

There are several cases similar to this in the evidences of right filed with the petition, in which judgments were rendered in the District Court against the plaintiffs; and under the views presented in the foregoing opinion, it must be held that the court did not err.

In each of said cases the judgments will be affirmed, without the necessity of repeating the reasons in each, as represented in the foregoing opinion in the case No. 2188. Those cases are as follows, to wit:

'  No. 2101, Andrew Garcia v. The State of Texas.

No. 2102, Theodosio Sanchez et al. v. The State of Texas.

No. 2103, Juan Man'l Ramirez v. The State of Texas.

No. 2104, Pablo Garza et al. v. The State of Texas.

No. 2108, Serapio Garza et al. v. The State of Texas.

No. 2109, A. & J. Y. Zaguire v. The State of Texas.

The judgment in each case is affirmed.

AFFIRMED.

In the case No. 2105, of Nieves Villareal v. The State, the evidences of right filed with the petition are an application for a grant to the alcalde, and his order for a survey, &c. The right is not passed on by the ayuntamiento.   There was no survey or any other proceedings.   The judgment against the claim was correct, for the reasons given in the preceding opinion in No. 2188.

Judgment affirmed.

AFFIRMED.